***SUPPRESSED***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
SEP 24 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES OF AMERICA, )
Plaintiff, )
v. ) Case No.
CARLOS ROMERO-SALAZAR, )
ANGELI GERMANIA CHAVEZ-REDONDO, )
JOEL JOSE MARTINEZ-RODRIGUEZ, )
ITAMAR JOSE HERNANDEZ-NICHOLLS, )
LUIS COLEMENARES-PAEZ, )
OSCAR JOSE CARRERO-VARGAS, )
RALPH NICHOLLS-FIGUEROA, )
MIGUEL RUIG-NUNEZ, )
GEIVIN RAFAEL BAZAN-LAMEDA, and )
MICHAEL GARCIA-LINARES, )
Defendants. )

4:25CR510 MTS/JSD

## INDICTMENT

The Grand Jury charges that, at all times relevant to this Indictment:

## OVERVIEW

1. The defendants, **CARLOS ROMERO-SALAZAR** ("Defendant Romero-Salazar"), **ANGELI GERMANIA CHAVEZ-REDONDO** ("Defendant Chavez-Redondo"), **JOEL JOSE MARTINEZ-RODRIGUEZ** ("Defendant Martinez-Rodriguez"), **ITAMAR JOSE HERNANDEZ-NICHOLLS** ("Defendant Hernandez-Nicholls"), **LUIS COLEMENARES-PAEZ** ("Defendant Colemenares-Paez"), **OSCAR JOSE CARRERO-VARGAS** ("Defendant Carrero-Vargas"), **RALPH NICHOLLS-FIGUEROA** ("Defendant Nicholls-Figueroa"), **MIGUEL RUIG-NUNEZ** ("Defendant Ruig-Nunez"), **GEIVIN RAFAEL BAZAN-LAMEDA** ("Defendant Bazan-Lameda"), and **MICHAEL GARCIA-LINARES** ("Defendant Garcia-Linares") (collectively, the "defendants"), agreed with one another and others, known and

unknown to the Grand Jury, to steal money from financial institutions by "jackpotting" the financial institutions' automated teller machines (ATMs)—that is, by manipulating the financial institutions' ATMs into dispensing money without a valid transaction.

**COUNT ONE**
**(Conspiracy to Commit Financial Institution Theft: 18 U.S.C. § 371)**

**The Conspiracy**

2. Beginning at an exact time unknown, but including between at least on or about December 6, 2024 and on or about December 12, 2024, within the Eastern District of Missouri and elsewhere, the defendants,

**CARLOS ROMERO-SALAZAR,**
**ANGELI GERMANIA CHAVEZ-REDONDO,**
**JOEL JOSE MARTINEZ-RODRIGUEZ,**
**ITAMAR JOSE HERNANDEZ-NICHOLLS,**
**LUIS COLEMENARES-PAEZ,**
**OSCAR JOSE CARRERO-VARGAS,**
**RALPH NICHOLLS-FIGUEROA,**
**MIGUEL RUIG-NUNEZ,**
**GEIVIN RAFAEL BAZAN-LAMEDA**, and
**MICHAEL GARCIA-LINARES,**

voluntarily and intentionally combined, conspired, confederated, and agreed with one another and others, known and unknown to the Grand Jury, to commit financial institution theft in violation of Title 18, United States Code, Section 2113(b), in that they agreed to take and carry away, with intent to steal and purloin, money with a value exceeding $1,000 that belonged to, and was in the care, custody, control, management, and possession of, a financial institution, to wit, a bank whose deposits were and are insured by the Federal Deposit Insurance Corporation (FDIC) and a credit union whose accounts were and are insured by the National Credit Union Administration Board (NCAUB), all in violation of Title 18, United States Code, Section 371.

**The Object of the Conspiracy**

3. The object of the conspiracy to commit financial institution theft was to steal money from financial institutions, specifically by exploiting vulnerabilities in the financial institutions' ATMs to take control of the ATMs and force the ATMs to dispense money without conducting a legitimate transaction.

**The Manner and Means of the Conspiracy**

It was part of the conspiracy to commit financial institution theft that:

4. Defendant Romero-Salazar abused his employment as a technician for a company that provides maintenance services for financial institutions' ATMs, in that he installed malware on the hard drives of financial institutions' ATMs while he was supposed to be servicing those ATMs. By installing malware on the ATMs' hard drives, Defendant Romero-Salazar enabled other co-conspirators to take control of the ATMs and force the ATMs to dispense substantial amounts of money that belonged to the financial institutions without conducting legitimate transactions, a process known as "jackpotting."

5. Defendant Chavez-Redondo, Defendant Martinez-Rodriguez, Defendant Hernandez-Nicholls, Defendant Colemenares-Paez, Defendant Carrero-Vargas, Defendant Nicholls-Figueroa, Defendant Ruig-Nunez, Defendant Bazan-Lameda, Defendant Garcia-Linares, S.C.H., and E.J.P.A., along with other co-conspirators, known and unknown to the Grand Jury, traveled from various states, including the state of Michigan and the state of Florida, to the state of Missouri for the purpose of stealing money belonging to financial institutions.

6. After traveling to the state of Missouri, Defendant Hernandez-Nicholls, Defendant Colemenares-Paez, Defendant Carrero-Vargas, Defendant Ruig-Nunez, Defendant Bazan-

Lameda, Defendant Garcia-Linares, S.C.H., and E.J.P.A. "jackpotted" numerous ATMs with which Defendant Romero-Salazar had tampered, including ATMs of Arsenal Credit Union, Bank of Franklin County, Gateway Metro Federal Credit Union, Neighbors Credit Union, and West Community Credit Union that were located within the Eastern District of Missouri, in that they took control of those ATMs and forced the ATMs to dispense money without conducting a legitimate transaction.

7. The deposits of Bank of Franklin County were and are insured by the FDIC.

8. The accounts of Arsenal Credit Union, Gateway Metro Federal Credit Union, Neighbors Credit Union, and West Community Credit Union were and are insured by the NCAUB.

**Overt Acts**

9. In furtherance of, and to effectuate the object of, the conspiracy to commit financial institution theft, the defendants and other co-conspirators, known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others:

a. Between on or about December 6, 2024 and on or about December 12, 2024, Defendant Chavez-Redondo, at Defendant Nicholls-Figueroa's direction, rented numerous Airbnb properties within the Eastern District of Missouri for her and Defendant Nicholls-Figueroa, as well as other co-conspirators, known and unknown to the Grand Jury, to stay at while they were in the Eastern District of Missouri unlawfully taking and carrying away money from the ATMs of financial institutions.

b. On or about December 6, 2024, Defendant Ruig-Nunez rented a vehicle in St. Louis, Missouri, within the Eastern District of Missouri, for him and other co-conspirators,

known and unknown to the Grand Jury, to use while they were in the Eastern District of Missouri unlawfully taking and carrying away money from the ATMs of financial institutions.

c. On or about December 7, 2024, Defendant Ruig-Nunez, Defendant Martinez-Rodriguez, and other conspirators, known and unknown to the Grand Jury, unlawfully took and carried away a combined amount of more than $30,000 from an ATM at the Saint Peters branch of Neighbors Credit Union.

d. On or about December 7, 2024, Defendant Garcia-Linares and other co-conspirators, known and unknown to the Grand Jury, unlawfully took and carried away a combined amount of more than $7,000 from ATMs at the Ellisville branch of Bank of Franklin County.

e. On or about December 7, 2024, Defendant Garcia-Linares and other co-conspirators, known and unknown to the Grand Jury, unlawfully took and carried away a combined amount of more than $140,000 from an ATM at the Florissant branch of West Community Credit Union.

f. On or about December 7, 2024, Defendant Ruig-Nunez and other co-conspirators, known and unknown to the Grand Jury, unlawfully took and carried away a combined amount of more than $90,000 from an ATM at the Kirkwood branch of West Community Credit Union.

g. On or about December 8, 2024, Defendant Garcia-Linares, E.J.P.A., and other co-conspirators, known and unknown to the Grand Jury, unlawfully took and carried away a combined amount of more than $40,000 from ATMs at the Arnold branch of Arsenal Credit Union.

h. On or about December 8, 2024, Defendant Garcia-Linares, E.J.P.A., and other co-conspirators, known and unknown to the Grand Jury, unlawfully took and carried away a

combined amount of more than $100,000 from ATMs at the Florissant (Howdershell) branch of Neighbors Credit Union.

i. On or about December 8, 2024, Defendant Garcia-Linares, E.J.P.A., and other co-conspirators, known and unknown to the Grand Jury, unlawfully took and carried away money from ATMs at the Jennings branch of Neighbors Credit Union.

j. On or about December 9, 2024, Defendant Martinez-Rodriguez, Defendant Bazan-Lameda, and other co-conspirators, known and unknown to the Grand Jury, unlawfully took and carried away money from ATMs at the Jennings branch of Neighbors Credit Union.

k. On or about December 10, 2024, Defendant Martinez-Rodriguez and other co-conspirators, known and unknown to the Grand Jury, unlawfully took and carried away a combined amount of more than $60,000 from an ATM at the Florissant branch of Gateway Metro Federal Credit Union.

l. On or about December 10, 2024, Defendant Martinez-Rodriguez, Defendant Bazan-Lameda, and Defendant Garcia-Linares unlawfully took and carried away a combined amount of more than $70,000 from ATMs at the Florissant (New Halls Ferry) branch of Neighbors Credit Union.

m. On or about December 11, 2024, Defendant Martinez-Rodriguez, Defendant Hernandez-Nicholls, Defendant Colemenares-Paez, Defendant Carrero-Vargas, S.C.H., and other co-conspirators, known and unknown to the Grand Jury, unlawfully took and carried away a combined amount of more than $140,000 from ATMs at the Arnold branch of Arsenal Credit Union.

10. Over the course of the conspiracy, the defendants and other co-conspirators, known and unknown to the Grand Jury, stole at least $940,000 from the victim financial institutions.

## FORFEITURE ALLEGATION

The Grand Jury further alleges there is probable cause that:

1. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, upon conviction of a conspiracy to violate Title 18, United States Code, Section 2113(b), as set forth in Count One, the defendants shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation(s).

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, which constitutes or is derived from proceeds traceable to such violation(s).

3. Specific property subject to forfeiture includes, but is not limited to, $66,624 in United States currency.

4. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

____________________________
FOREPERSON

THOMAS C. ALBUS
United States Attorney

____________________________
JUSTIN M. LADENDORF #68558MO
Assistant United States Attorney